Judge Robertson
delivered tbe opinion of the cdurt.
Morton and Ruddle purchased a tract of land, which was sold by the sheriff of Pendleton county, under v. fieri facias issued vs. Sanders’s heirs¿
The circuit court of Pendleton refused to quash the execution and sale, On a motion made to it, for that purpose, by Sanders’s heirs.
A writ of error being prosecuted to the court of Appeals, William T. Barry and Rezin Davidge, claiming the office of J udges of the appellate court, took possession of the record, and delivered an opinion; reversing that of the circuit Judge; and thereupon, issued a mandate to the circuit court ordering it “to quash the execution, and set aside the sale.”
The circuit judge having entered this mandate oh his order book, quashed the execution, and sale, and directed a '•'•habere facias possessionem,” to issue in favor of Sanders’s heirs vs. Ruddle and Morton; for the land; which they had purchased under the execution.
Pending a motion, to set aside this last order, the court ordered a writ of restitution, in favor of Sanders’s heirs; and then rescinded the order for the “habere facias.”
• It seems that all these proceedings were, in fact, ex parte, in the absence, and without the knowledge of Morton and Ruddle, and without any other evidence, than the certifícate by F. P. Blair, of the said opinion, and an affidavit of one Theobald, sworn to in the country, before a justice of the peace, and stating, that after Morton and Ruddle bought the land at the sheriff’s sale, they placed tenants on parts of it.
*193 A gentleman of the bar, as Amicus, moved the court to set aside the order for a writ of restitution, for several reasons of both law and fact. On the hearing of this motion, it was made to appear by an affidavit, taken as that of Theobalds was* that Morton and Ruddle had been in the actual occupancy of the land, many years before the sale, under the execution; and that they were in the possession of it, and were residing ón parts of it, at the date of the sale, clairh-ing it as their own. From which it w'ould appear,that they made the purchase at the sheriff’s sale, to quiet their possession, and did not acquire the possession under the sale.
The circuit court refused to set aside its order, and thereupon, Ruddle and Morton appealed to this court.
Whether the appeal be considered as calling in question, the order, or the refusal to rescind it, or both, it must be sustained; and all the proceedings of the circuit court must be nullified. For, if the court erred in ordering the writ of restitution, it was its duty, when a motion was made, to correct the error, fo set aside the order. That the order was improper, cannot be seriously doubted.
1st. The paper, purporting to be an opinion of-the court of appeals, and, in obedience .to the supposed authority of which, the order was made, possessed no constitutional efficacy. It was not the opinion of the court of appeals. It was, therefore, in contemplation of law, a nonentity. It had no legal operation. The order of the circuit court was, therefore, without authority.
It is true, that the circuit Judge might have quashed the sale and execution, without any mandate from the appellate court. But this it had refused todo; after which, at a subsequent term, it should not have tolerated a motion to quash, unless it felt itself constrained by the order of the appellate court. There is no doubt, that it quashed the execution and sale, and ordered restitution, in reluctant submission, to what it erroneously imagined, was a supreme authority.
Restitution should not be awarded, on quashing exe-* culion & sale, Unless it clearly appear, that the purchaser under the execution, acquired possession by the execution.
Whenever the facts, necessary to authorize restituí lion, are not apparent on the record, or not admitted to be true, there should be no restitution, by order on motion.
A sale ofland by fi:fa: does not, like the execution of a habere facias, transfer the actual possession. It only gives right to acquire posses-si >n to which the debtor was entitled. If the debtor, or a stranger, be in possession of the land, when ’tis sold under fi: fa: neither the sheriff nor circuit court, on motion, can give purchaser possession. He must obtain it by e-jectment.
*194 2d. If it had been right to quash the execution, and set aside the sale, in obedience to the order, certified by Blair, still, the facts contained in the record did not justify the writ of restitution.
It does not appear that the possession was obtained by the purchaser, under the execution. Waiving the affidavits, (which, if admitted as legal evidence, would prove that the possession had been acquired and held long before the sheriff’s sale,) it is not admitted, that restitution, by order of court on motion, ought to follow a quashal of the sale. It certainly should not, if the possession had not been derived from the execution, or if whether it was or not, be doubtful, and the subject of controversy. Whenever the facts necessary to authorise restitution, are not apparent on the record, or not admitted to be true, there' should not be a summary restitution, by order on motion. The parties should have an opportunity to try the facts in a regular proceeding, and have them proved and ascertained, on a full hearing,in the ordinary course of litigation; Logan vs. M'Nill. III. Bibb. 530. And M'Chord vs. M’Lintock, V. Litt. 304.
In this case, it is not shewn that the sheriff’s sale' gave the purchasers possession of the land; but it is presumable that it did not. A sale of land by feri facias, does not, like the execution of a habere faciasi transfer the actual possession. It only gives the right to acquire the possession, to which the debtor was entitled. If the debtor, were at the date of the sale, in the occupancy of the land, the sheriff could not turn him out and put the purchaser in. The purchaser could obtain (he possession by an ejectment; neither the sheriff nor the circuit court on motion, could rightfully deliver to him the possession. “A fortiorif a stranger in possession, could not be evicted by the sheriff or by the summary order of the court, without a trial in court by jury.
It is not proved in this case, that Sanders’s heirs were ever in the possession of the land. For ought that appears, therefore, they lost no possession by thé sale. Why then shall the court, without ascertaining the facts, and without giving Ruddle and Morton, an opportunity to be heard,-turn them out “nolens volensf *195 and force the land into the possession of those, who have not shewn that they ever had any possession? To what are they to be restored? There can be no restitution to an individual, of that, which he never had, and of course, never lost.
On a motion for restitution an affidavit sworn to, in the country, before a justice of the peace, is no evidence.
Mills and Brown, for appellants; Haggin, for ap-pellee.
If the procedure in this case, be tolerated, a new device will be established, for getting land, by process of law, without suit, and without right. If Morton and Ruddle had occupied the land so long* or under such titles, as to prevent Sanders’s heirs from recovering it by ejectment, a better expedient could not have been devised for giving the possession to the heirs, than to levy an execution, erroneously, on the land, as theirs, let the occupants, to quiet their title, buy for a trifle, then quash the execution and safe, and procure a writ of “restitution,” by motion, without their knowledge.
It may not be improper, here to observe, that if was irregular, to receive and act on the affidavit of Theo-balds. It was not only exparte, and extrajudicial, but neither the adversary, nor the court, saw the affiant or heard him, or had the privilege to interrogate him. It is strange, that a court would pronounce any judg-judgment on such a statement.
The order for restitution must be reversed and set aside, and the case remanded, that the court may make an order, consistent with this opinion. The appellants must recoyer their costs.